IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DUANE MARCEL HOLMES, | |
|---|---|
| *Petitioner*, | CIVIL ACTION |
| v. | NO. 19-2854 |
| MARK GARMAN, *et al.*, | |
| *Respondents*. | |

## ORDER

**AND NOW**, this 10th day of March 2020, upon consideration of Duane Marcel Holmes's *pro se* Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254, and United States Magistrate Judge Timothy R. Rice's Report and Recommendation that the Petition be placed in abeyance until related state court proceedings are resolved (ECF No. 10), to which no objections have been filed, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Holmes's Petition for Writ of Habeas Corpus is **STAYED** and held in **ABEYANCE** until the conclusion of his Pennsylvania Post Conviction Relief Act proceedings[1];

---

[1] Holmes's habeas petition includes exhausted and unexhausted claims. A mixed habeas petition may be stayed while a petitioner presents unexhausted claims in state court, particularly where the claims might be time barred upon return to federal court, as is the case here where Holmes filed his habeas petition with only one week of his one-year statute of limitations remaining. *See Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004). Nevertheless, a stay is available only where the petitioner had "good cause" for failing to exhaust his claims in state court; the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Holmes has good cause for failing to exhaust his unexhausted ineffective assistance of counsel claims. He was required to reserve them for PCRA review and could not exhaust them on direct appeal. His unexhausted claims do not appear to be

3. There is no probable cause to issue a certificate of appealability;

4. The Clerk of Court shall place this matter on the Civil Suspense Docket pending final resolution of Holmes's state court proceedings; and

5. The parties shall monitor the state court proceedings and notify the Court when the proceedings have concluded. If Holmes does not return to federal court within thirty days following the conclusion of his state court proceedings, this stay and abeyance order will be vacated and Holmes' petition will be denied without prejudice.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

plainly meritless where the parties engaged in extensive pretrial motions practice that likely addressed the evidentiary issues he raises. And there is no evidence he has intentionally delayed litigation of his claims.